GIBSON, DUNN & CRUTCHER LLP
SAMUEL G. LIVERSIDGE (*pro hac vice*)
JAY P. SRINIVASAN (*pro hac vice*)
S. CHRISTOPHER WHITTAKER (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520
sliversidge@gibsondunn.com
jsrinivasan@gibsondunn.com
cwhittaker@gibsondunn.com

HOWARD & HOWARD ATTORNEYS
   PLLC
W. WEST ALLEN (NV Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV  89169
Telephone:  702.667.4843
Facsimile:  702.567.1568
wwa@h2law.com

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP
BORIS BERSHTEYN (*pro hac vice*)
KAREN HOFFMAN LENT (*pro hac vice*)
One Manhattan West
New York, NY  10001-8602
Telephone:  212.735.3000
Facsimile:   917.777.2000
boris.bershteyn@skadden.com
karen.lent@skadden.com

*Attorneys for Defendant*
*PIONEER NATURAL RESOURCES COMPANY*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ROSENBAUM, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>PERMIAN RESOURCES CORP., *et al.*,<br><br>　　　　　Defendants. | CASE NO. 2:24-cv-00103-GMN-MDC<br><br>**NOTICE RE DEFENDANT PIONEER NATURAL RESOURCES COMPANY'S CERTIFICATE OF INTERESTED PARTIES** |

*[Caption Continues on Following Page]*

|   |   |   |
|---|---|---|
| 1 | ANDREW CAPLEN INSTALLATIONS, LLC, *et al.*, | CASE NO. 2:24-cv-00150-GMN-MDC |
| 2 |   |   |
| 3 | Plaintiffs, |   |
| 4 | v. |   |
| 5 | PERMIAN RESOURCES CORP., *et al.*, |   |
| 6 | Defendants. |   |
| 7 |   | CASE NO. 2:24-cv-00164-GMN-MDC |
| 8 | THESE PAWS WERE MADE FOR WALKIN' LLC, *et al.*, |   |
| 9 | Plaintiffs, |   |
| 10 | v. |   |
| 11 | PERMIAN RESOURCES CORP., *et al.*, |   |
| 12 | Defendants. |   |
| 13 |   | CASE NO. 2:24-cv-00198-GMN-MDC |
| 14 | BRIAN COURTMANCHE, *et al.*, |   |
| 15 | Plaintiffs, |   |
| 16 | v. |   |
| 17 | PERMIAN RESOURCES CORP., *et al.*, |   |
| 18 | Defendants. |   |
| 19 |   | CASE NO. 2:24-CV-00253-GMN-MDC |
| 20 | JOHN MELLOR, *et al.*, |   |
| 21 | Plaintiff, |   |
| 22 | v. |   |
| 23 | PERMIAN RESOURCES CORP., *et al.*, |   |
| 24 | Defendants. |   |
| 25 |   |   |
| 26 |   |   |
| 27 | *[Caption Continues on Following Page]* |   |
| 28 |   |   |

| | |
|---|---|
| LAURIE OLSEN SANTILLO, *et al.*,<br><br>                    Plaintiff,<br><br>    v.<br><br>PERMIAN RESOURCES CORP., *et al.*,<br><br>                    Defendants. | CASE NO. 2:24-cv-00279-GMN-MDC |
| RICHARD BEAUMONT, *et al.*,<br><br>                    Plaintiff,<br><br>    v.<br><br>PERMIAN RESOURCES CORP., *et al.*,<br><br>                    Defendants. | CASE NO. 2:24-cv-00298-GMN-MDC |
| BARBARA AND PHILLIP MACDOWELL, *et al.*,<br><br>                    Plaintiff,<br><br>    v.<br><br>PERMIAN RESOURCES CORP., *et al.*,<br><br>                    Defendants. | CASE NO. 2:24-cv-00325-GMN-MDC |
| WESTERN CAB COMPANY *et al.*,<br><br>                    Plaintiff,<br><br>    v.<br><br>PERMIAN RESOURCES CORP., *et al.*,<br><br>                    Defendants. | CASE NO. 2:24-cv-00401-GMN-MDC |

1   Defendant Pioneer Natural Resources Company ("Pioneer") submits this Notice in response to the Court's comments during the March 4, 2024 status conference regarding Pioneer's Certificate of Interested Parties.  Having further considered the Federal Rules and this Court's Local Rules, Pioneer believes it does not need to supplement its Certificate at this time to add Exxon Mobil Corporation ("Exxon").

In October 2023, Pioneer entered into an Agreement and Plan of Merger with Exxon.  However, as Pioneer's most recent Form 10K acknowledges, completion of the merger is "subject to certain conditions"—including regulatory approval—and "[t]here can be no assurance that the conditions to the closing of the Merger will be satisfied, waived or fulfilled in a timely fashion or that the Merger will be completed."  2024 Form 10-K at 33.[1]

Federal Rule of Civil Procedure 7.1 requires Pioneer to disclose corporations "owning 10% or more of its stock," and Nevada Local Rule 7.1-1 requires disclosure of entities "that have a direct, pecuniary interest in the outcome of the case."  These rules—both of which are phrased in the present tense—do not require identification of Exxon as an interested party *now*, before the merger is complete.  Exxon does not currently own 10% or more of Pioneer's stock.  Nor does Exxon currently have a "*direct,* pecuniary interest" in the outcome of the case.  Any interest that Exxon holds today is at best an *indirect* interest.  And while Exxon would have an interest if the merger closes, that is a *potential future* interest.  *Compare Righthaven v. Democratic Underground, LLC*, 791 F. Supp. 2d 968, 978–79 (D. Nev. 2011) (party with a contractual right to 50% of litigation proceeds had a direct, pecuniary interest under Local Rule 7.1-1), *with Genworth Life & Annuity Ins. Co. v. Hafter*, 2019 WL 6307607, at *4 (D. Nev. Nov. 25, 2019) (party's interest was "indirect"—and thus it was neither "necessary nor appropriate . . . to recognize her as an interested party" under Local Rule 7.1-1—where the interest was contingent on claims that had not yet been alleged).  Accordingly, Pioneer respectfully submits that, at this time, Exxon does not need to be disclosed in Pioneer's Certificate of Interested Parties.  Pioneer intends to promptly supplement its Certificate of Interested Parties to add Exxon when and if the merger is completed.

---

[1] Available at: https://d18rn0p25nwr6d.cloudfront.net/CIK-0001038357/6ed66c12-d0a9-4f2e-952f-57f3b8e3718b.pdf.

1

Pioneer would be happy to discuss this issue with the Court if it has further questions.

DATED: March 11, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Samuel G. Liversidge*
      Samuel G. Liversidge

GIBSON, DUNN & CRUTCHER LLP
Samuel G. Liversidge (*pro hac vice*)
Jay P. Srinivasan (*pro hac vice*)
S. Christopher Whittaker (*pro hac vice*)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Boris Bershteyn (*pro hac vice*)
Karen Hoffman Lent (*pro hac vice*)

HOWARD & HOWARD ATTORNEYS PLLC
W. West Allen (NV Bar No. 5566)

*Attorneys for Defendant*
*PIONEER NATURAL RESOURCES COMPANY*