| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP | HOWARD & HOWARD |
| SAMUEL G. LIVERSIDGE (*pro hac vice*) | ATTORNEYS PLLC |
| JAY P. SRINIVASAN (*pro hac vice*) | W. WEST ALLEN (NV Bar No. 5566) |
| S. CHRISTOPHER WHITTAKER (*pro hac vice*) | 3800 Howard Hughes Parkway |
| 333 South Grand Avenue | Suite 1000 |
| Los Angeles, CA  90071-3197 | Las Vegas, NV  89169 |
| Telephone:  213.229.7000 | Telephone:  702.667.4843 |
| Facsimile:  213.229.7520 | Facsimile:   702.567.1568 |
| sliversidge@gibsondunn.com | Wallen@howardandhoward.com |
| jsrinivasan@gibsondunn.com | |
| cwhittaker@gibsondunn.com | |

SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
BORIS BERSHTEYN (*pro hac vice*)
KAREN HOFFMAN LENT (*pro hac vice*)
One Manhattan West
New York, NY  10001-8602
Telephone:  212.735.3000
Facsimile:   917.777.2000
boris.bershteyn@skadden.com
karen.lent@skadden.com

*Attorneys for Defendant*
*PIONEER NATURAL RESOURCES COMPANY*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ROSENBAUM, *et al.*, | CASE NO. 2:24-cv-00103-GMN-MDC |
| Plaintiffs, | **DEFENDANTS' OPPOSITION TO** |
| v. | **PLAINTIFFS' MOTION FOR RECUSAL** |
| PERMIAN RESOURCES CORP., *et al.*, | **OF THE HONORABLE JUDGE GLORIA** |
| Defendants. | **M. NAVARRO** |

*[Caption Continues on Following Page]*

| | | |
|---|---|---|
| 1 | ANDREW CAPLEN INSTALLATIONS, LLC, *et al.*, | CASE NO. 2:24-cv-00150-GMN-MDC |
| 2 | | |
| 3 | Plaintiffs, | |
| 4 | v. | |
| 5 | PERMIAN RESOURCES CORP., *et al.*, | |
| 6 | Defendants. | |
| 7 | | |
| 8 | THESE PAWS WERE MADE FOR WALKIN' LLC, *et al.*, | CASE NO. 2:24-cv-00164-GMN-MDC |
| 9 | Plaintiffs, | |
| 10 | v. | |
| 11 | PERMIAN RESOURCES CORP., *et al.*, | |
| 12 | Defendants. | |
| 13 | JOHN MELLOR, on behalf of himself and all others similarly situated, | CASE NO. 2:24-CV-00253-GMN-MDC |
| 14 | | |
| 15 | Plaintiff, | |
| 16 | v. | |
| 17 | PERMIAN RESOURCES CORP., *et al.*, | |
| 18 | Defendants. | |
| 19 | | |
| 20 | BRIAN COURTMANCHE, *et al.*, | CASE NO. 2:24-cv-00198-GMN-MDC |
| 21 | Plaintiffs, | |
| 22 | v. | |
| 23 | PERMIAN RESOURCES CORP., *et al.*, | |
| 24 | Defendants. | |
| 25 | | |
| 26 | | |
| 27 | *[Caption Continues on Following Page]* | |
| 28 | | |

| | | |
|---|---|---|
| 1 | LAURIE OLSEN SANTILLO, on behalf of herself and all others similarly situated, | CASE NO. 2:24-cv-00279-GMN-MDC |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | PERMIAN RESOURCES CORP., *et al.*, | |
| 6 | Defendants. | |
| 7 | RICHARD BEAUMONT, on behalf of himself and all others similarly situated, | CASE NO. 2:24-cv-00298-GMN-MDC |
| 8 | | |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | PERMIAN RESOURCES CORP., *et al.*, | |
| 12 | Defendants. | |
| 13 | BARBARA AND PHILLIP MACDOWELL, individually and on behalf of all others similarly situated, | CASE NO. 2:24-cv-00325-GMN-MDC |
| 14 | | |
| 15 | Plaintiff, | |
| 16 | | |
| 17 | v. | |
| 18 | PERMIAN RESOURCES CORP., *et al.*, | |
| | Defendants. | |
| 19 | WESTERN CAB COMPANY, individually and on behalf of all others similarly situated, | CASE NO. 2:24-cv-00401-GMN-MDC |
| 20 | | |
| 21 | Plaintiff, | |
| 22 | v. | |
| 23 | PERMIAN RESOURCES CORP., *et al.*, | |
| 24 | Defendants. | |

Gibson, Dunn & Crutcher LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiffs have filed nine related class actions in this Court. Their claims have no connection to Nevada and should not have been filed in this District. After the Court *sua sponte* set a hearing to address the venue issue, and Defendants indicated they would move to transfer the cases to Texas under 28 U.S.C. § 1404, Plaintiffs filed their motion to recuse.

The purported basis for Plaintiffs' motion is (1) Exxon Mobil Corporation ("Exxon") and Defendant Pioneer Natural Resources Company ("Pioneer") have entered into an Agreement and Plan of Merger, and (2) the Court owns stock in Exxon. But the Exxon and Pioneer merger is not complete, and it is subject to certain conditions, including regulatory approval. Exxon therefore is not a party to the case *now*, and any stock the Court holds in Exxon does not translate into an interest in the outcome of the case as a matter of law. Nor is there any basis to question the Court's ability to be impartial *now*. Indeed, Plaintiffs identify no reason that the Court could not impartially resolve Defendants' pending motion to transfer.

Defendants are not asking the Court to resolve or address the substantive merits of Plaintiffs' claims. To the contrary, Defendants are asking the Court to transfer these cases away from this District and to a District in Texas for such determinations. Plaintiffs have offered no basis to question the Court's ability to fairly decide Defendants' request for a transfer of these cases.

## II.   BACKGROUND

The Court ordered the parties to appear before it on March 4 "to explain whether venue is proper in Nevada and whether this Court may properly exercise personal jurisdiction over the Defendants." ECF No. 34. At the hearing, the Court noted it did not "know why these cases are all here" and that it had "inten[ded] … to sua sponte ask [the parties] to do some briefing … to make sure that we are in the most convenient venue." Hr'g Tr. (Mar. 4, 2024) ("Tr.") at 10, 14. The Court then adopted the parties' proposed briefing schedule for a 1404 motion. *Id.* at 15.

The Court also noted at the March 4 hearing that it holds stock in Exxon and had seen reports of a pending deal in which Exxon would acquire Pioneer. Tr. at 21–23. The Court directed

1

Pioneer to consider whether it needed to supplement its Certificate of Interested Parties to include Exxon.  *Id*.  On March 11, 2024, Pioneer filed a notice with the Court, explaining that the merger was not complete and that it was contingent on the fulfillment of certain conditions, and thus Pioneer did not need to amend its Certificate to include Exxon now.  ECF No. 150.

Plaintiffs filed their recusal motion on March 19, *see* ECF No. 156, three days before Defendants filed their motion to transfer, *see* ECF No. 157, under the parties' agreed-upon schedule.

### III.    ARGUMENT

**A.    The Court Does Not Have a "Financial Interest" in the Case**

The Court's Exxon stock holdings do not constitute a "financial interest in the subject matter in controversy or in a party," as required by 28 U.S.C. § 455(b)(4).  As of today, Exxon is not a "party," and any interest the Court has in Exxon is not an interest in the outcome of this litigation.  At most, the Court *would* have an interest in the case *if* and *when* the merger closes.  But the case law makes clear that such contingent, future interests are not sufficient to require recusal.  *See Jefferson County v. Acker*, 92 F.3d 1561, 1582 (11th Cir. 1996), *vacated on other grounds*, 520 U.S. 1261 (1997) ("We agree with the Tenth and Fourth Circuits that the term 'financial interest' is limited to direct interests and does not include remote or contingent interests."); *In re N.M. Natural Gas. Antitrust Litig.*, 620 F.2d 794, 796 (10th Cir. 1980) ("a remote, contingent benefit … is not a 'financial interest' within the meaning of the statute"); *McCann v. Commc'ns Design Corp.*, 775 F. Supp. 1535, 1541 (D. Conn. 1991) (a "contingent possibility" does not qualify as a "financial interest"); *In re Va. Elec. & Power Co.*, 539 F.2d 357, 366–67 (4th Cir. 1976) (similar); *Exxon Corp. v. Heinze*, 792 F. Supp. 77, 79 (D. Alaska 1992) (similar).[1]

Plaintiffs' citation to *Sollenbarger v. Mountain States Telephone & Telegraph Co.*, 706 F.

---

[1] Nor are terms of the merger agreement highlighted by Plaintiffs relevant.  *See* Mot. at 6. That Exxon *would* assume Pioneer's liabilities in the future *if* the merger is complete, or that Exxon *could* walk away *if* Pioneer breaches warranties, only highlights the contingent nature of Exxon's interest at this stage.  Similarly, Exxon's right to approve settlements over a certain threshold contemplated by Pioneer in any litigation—a general provision common in merger agreements—has no bearing here; no party (including Plaintiffs) is suggesting there is any prospect for settlement prior to the Court ruling on Defendants' motion to transfer.

Gibson, Dunn & Crutcher LLP

Supp. 776, 780–81 (D.N.M. 1989), illustrates the point. There, the court owned stock in certain telephone companies divested during the breakup of AT&T, and it presided over litigation where the defendants were other telephone companies divested from AT&T. *Id*. at 777–79. Although the companies in which the court owned stock were nonparties, they had a current, ongoing, and non-contingent obligation to indemnify the defendants with respect to the claims in the case. *Id*. at 782–83. Thus, the court had a direct financial interest in the "subject matter in controversy" because the indemnification obligation existed as a "current certainty" and "from the outset" of the litigation. *Id*. (emphasis omitted). *Sollenbarger* distinguished as *insufficient* to constitute a financial interest in the "subject matter in controversy" situations where, as here, a judge owns shares in other industry players or owns property whose value might be affected by the outcome of the case. *Id*. at 782–84.[2]

### B. Plaintiffs Present No Basis to Question the Court's Ability to Be Impartial Now

Nor do the Court's stock holdings provide any basis for a reasonable observer to question the Court's ability to be impartial *now,* as required by 28 U.S.C. § 455(a). The only issue pending before the Court now is whether the case should be transferred to a more convenient district—all other matters have been stayed. ECF No. 147. This issue has nothing to do with the merits of Plaintiffs' claims. And Plaintiffs point to nothing that would cause a reasonable observer to question whether the Court's stock holdings in Exxon—a nonparty—could impact the Court's ability impartially to decide this procedural issue. Indeed, even Plaintiffs admit they must show that the Court's resolution of the transfer motion "would have a direct effect" on Exxon (Mot. at

---

[2] Plaintiffs' other cases do not change the analysis. *Liljeberg v. Health Services Acquisition* was a narrow decision involving a judge who, while a fiduciary on the board of trustees of a university, decided a declaratory relief action as to the ownership of a hospital developed in conjunction with the university on the university's land. 486 U.S. 847, 862–68 (1988). *Silver State Intellectual Techs., Inc. v. Foursquare Labs, Inc*. did not involve a "financial interest" at all. No. 12-cv-01308-RCJ-PAL (D. Nev. Mar. 11, 2013). And the rest of Plaintiffs' cases *rejected* recusal motions. *See In re Kansas Pub. Ret. Sys.*, 85 F.3d 1353, 1362 (8th Cir. 1996) (rejecting recusal where judge owned stock in parent company of entity named in separate, parallel litigation, because the judge-owned entity was not actually a party and the connection to the separate case was "too remote, speculative, and contingent"); *Bernard-Ex. v. Specialized Loan Servicing, LLC*, No. 2:23-cv-00885-GMN-VCF, 2023 WL 5979793, at *1–2 (D. Nev. Aug. 11, 2023) (Navarro J.) (denying motion to recuse based on personal animus); *United States v. Holland*, 519 F.3d 909, 913–17 (9th Cir. 2008) (similar).

Gibson, Dunn & Crutcher LLP

5), but they have not even attempted to make such a showing.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs have failed to identify any basis for recusal, at least at this juncture, and the Court should deny their motion. *See In re United States*, 441 F.3d 44, 67 (1st Cir. 2006) (a "disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking" (emphasis in original)); *In re Kansas*, 85 F.3d at 1358–59.

Respectfully submitted,[3]

Dated: April 2, 2024

| /s/ Samuel G. Liversidge | /s/ Michael W. Scarborough |
|---|---|
| Samuel G. Liversidge (*pro hac vice*) <br> Jay P. Srinivasan (*pro hac vice*) <br> S. Christopher Whittaker (*pro hac vice*) <br> GIBSON, DUNN & CRUTCHER LLP <br> 333 South Grand Avenue <br> Los Angeles, CA  90071-3197 <br> Telephone:  213.229.7000 <br> sliversidge@gibsondunn.com <br> jsrinivasan@gibsondunn.com <br> cwhittaker@gibsondunn.com <br><br> Boris Bershteyn (*pro hac vice*) <br> Karen Hoffman Lent (*pro hac vice*) <br> SKADDEN, ARPS, SLATE, MEAGHER <br>    & FLOM LLP <br> One Manhattan West <br> New York, NY  10001-8602 <br> Telephone:  212.735.3000 <br> boris.bershteyn@skadden.com <br> karen.lent@skadden.com <br><br> W. West Allen (NV Bar No. 5566) <br> HOWARD & HOWARD ATTORNEYS <br>    PLLC <br> 3800 Howard Hughes Parkway, Suite 1000 <br> Las Vegas, NV 89169 <br> Telephone:  702.667.4843 <br> wallen@howardandhoward.com <br><br> *Attorneys for Defendant* <br> *PIONEER NATURAL RESOURCES* <br> *COMPANY* | Michael W. Scarborough (*pro hac vice*) <br> Dylan I. Ballard (*pro hac vice*) <br> VINSON & ELKINS LLP <br> 555 Mission Street, Suite 2000 <br> San Francisco, CA 94105 <br> Telephone: (415) 979–6900 <br> mscarborough@velaw.com <br> dballard@velaw.com <br><br> Craig P. Seebald (*pro hac vice*) <br> Adam L. Hudes (*pro hac vice*) <br> Stephen M. Medlock (*pro hac vice*) <br> VINSON & ELKINS LLP <br> 2200 Pennsylvania Avenue NW <br> Suite 500 West <br> Washington, DC 20037 <br> Telephone: (202) 639-6500 <br> cseebald@velaw.com <br> ahudes@velaw.com <br> smedlock@velaw.com <br><br> Kristen T. Gallagher (NV Bar No. 9561) <br> McDONALD CARANO LLP <br> 2300 West Sahara Ave., Suite 1200 <br> Las Vegas, NV 89102 <br> kgallagher@mcdonaldcarano.com <br><br> *Attorneys for Defendant* <br> *PERMIAN RESOURCES CORPORATION* |
| /s/ J. Colby Williams | /s/ Christopher E. Ondeck |
| J. Colby Williams, Esq. (NV Bar No. 5549) <br> Philip R. Erwin, Esq. (NV Bar No. 11563) <br> CAMPBELL & WILLIAMS <br> 710 South Seventh Street, Suite A <br> Las Vegas, Nevada 89101 <br> Telephone:  (702) 382-5222 <br> jcw@cwlawlv.com <br> pre@cwlawlv.com <br><br> Marguerite M. Sullivan (*pro hac vice*) | Christopher E. Ondeck (*pro hac vice*) <br> Stephen R. Chuk (*pro hac vice*) <br> PROSKAUER ROSE LLP <br> 1001 Pennsylvania Avenue NW <br> Washington, DC 20004 <br> Telephone: (202) 416-6800 <br> condeck@proskauer.com <br> schuk@proskauer.com <br><br> Kyle A. Casazza (*pro hac vice*) |

---

[3] The *pro hac vice* designations reflect the admission status of counsel in *Rosenbaum*, Case No. 2:24-cv-00103-GMN-MDC.  *Pro hac vice* applications in the other related cases are forthcoming to the extent required by the Court.

| | |
|---|---|
| Jason D. Cruise (*pro hac vice forthcoming*)<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C. 20004<br>Telephone: (202) 637-2200<br>Marguerite.Sullivan@lw.com<br>Jason.Cruise@lw.com<br><br>Lawrence E. Buterman (*pro hac vice*)<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Lawrence.Buterman@lw.com<br><br>*Attorneys for Defendant*<br>*CHESAPEAKE ENERGY CORPORATION* | PROSKAUER ROSE LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3010<br>Telephone: (310) 284-5677<br>kcasazza@proskauer.com<br><br>Michael Burrage (*pro hac vice*)<br>WHITTEN BURRAGE<br>512 North Broadway Avenue, Ste 300<br>Oklahoma City, OK 73102<br>Telephone: (888) 783-0351<br>mburrage@whittenburragelaw.com<br><br>*Attorneys for Defendant*<br>*CONTINENTAL RESOURCES, INC.* |
| */s/ Kristen L. Martini*<br>Kristen L. Martini (NV Bar No. 11272)<br>E. Leif Reid (NV Bar No. 5750)<br>LEWIS ROCA LLP<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169<br>Telephone: (775) 321-3415<br>lreid@lewisroca.com<br><br>Jeffrey L. Kessler (*pro hac vice*)<br>Jeffrey J. Amato (*pro hac vice*)<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 294-6700<br>jkessler@winston.com<br>jamato@winston.com<br><br>Thomas M. Melsheimer (*pro hac vice*)<br>Thomas B. Walsh, IV (*pro hac vice*)<br>WINSTON & STRAWN LLP<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201<br>Telephone: (212) 294-6700<br>tmelsheimer@winston.com<br>twalsh@winston.com<br><br>*Attorneys for Defendant*<br>*DIAMONDBACK ENERGY, INC.* | */s/ John M. Taladay*<br>John M. Taladay (*pro hac vice*)<br>Christopher Wilson (*pro hac vice*)<br>Kelsey Paine (*pro hac vice*)<br>Megan Tankel (*pro hac vice*)<br>BAKER BOTTS L.L.P.<br>700 K Street N.W.<br>Washington, D.C. 20001-5692<br>Telephone: (202) 639-7909<br>john.taladay@bakerbotts.com<br>christopher.wilson@bakerbotts.com<br>kelsey.paine@bakerbotts.com<br>megan.tankel@bakerbotts.com<br><br>James J. Pisanelli, Esq. (NV Bar No. 4027)<br>Debra L. Spinelli, Esq. (NV Bar No. 9695)<br>PISANELLI BICE PLLC<br>400 South 7th Street, Suite 300<br>Las Vegas, Nevada 89101<br>Telephone: (702) 214-2100<br>jjp@pisanellibice.com<br>dls@pisanellibice.com<br><br>*Counsel for Defendant*<br>*EOG RESOURCES, INC.* |
| */s/ Nicholas J. Santoro*<br>Nicholas J. Santoro (NV Bar No. 532)<br>F. Thomas Edwards (NV Bar No. 9549)<br>HOLLEY DRIGGS LTD<br>300 South 4th Street, Suite 1600<br>Las Vegas, Nevada 89101 | */s/ Patrick G. Byrne*<br>Patrick G. Byrne (NV Bar No. 7636)<br>Bradley T. Austin (NV Bar No. 13064)<br>SNELL & WILMER L.L.P.<br>3883 Howard Hughes Parkway, Suite 1100<br>Las Vegas, Nevada 89169 |

Gibson, Dunn &<br>Crutcher LLP

| | |
|---|---|
| Telephone:  (702) 791-0308<br>nsantoro@nevadafirm.com<br>tedwards@nevadafirm.com<br><br>Kevin S. Schwartz (*pro hac vice*)<br>David A. Papirnik (*pro hac vice*)<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, New York 10019<br>Telephone:  (212) 403-1000<br>kschwartz@wlrk.com<br>dapapirnik@wlrk.com<br><br>*Attorneys for Defendant*<br>*HESS CORPORATION* | Telephone:  (702) 784-5200<br>pbyrne@swlaw.com<br>baustin@swlaw.com<br><br>Devora W. Allon (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>devora.allon@kirkland.com<br>Telephone: 212-446-5967<br><br>Jeffrey J. Zeiger (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>jzeiger@kirkland.com<br>Telephone: 312-862-3237<br><br>Akhil K. Gola (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>akhil.gola@kirkland.com<br>Telephone: 202-389-3256<br><br>*Attorneys for Defendant*<br>*OCCIDENTAL PETROLEUM*<br>*CORPORATION* |

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this date, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record receiving electronic notification.

DATED:  April 2, 2024

GIBSON, DUNN & CRUTCHER LLP

*/s/ Samuel G. Liversidge*
Samuel G. Liversidge

*Attorneys for Defendant*
*PIONEER NATURAL RESOURCES COMPANY*