Christopher A. Turtzo; NV Bar No. 10253
**MORRIS, SULLIVAN & LEMKUL, LLP**
3960 Howard Hughes Parkway, Suite 400
Las Vegas, NV 89169
Tel: (702) 405-8100
Fax: (702) 405-8101
turtzo@morrissullivanlaw.com

Patrick Coughlin (*pro hac vice*)
Carmen Medici (*pro hac vice*)
Fatima Brizuela (*pro hac vice*)
Daniel J. Brockwell (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT
LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
Fax: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com

[Additional attorneys listed on signature page.]

*Attorneys for Plaintiffs and the Proposed Classes*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL ROSENBAUM, *et al*.,<br><br>                              Plaintiffs,<br><br>v.<br><br>PERMIAN RESOURCES CORP., *et al*.,<br><br>                              Defendants. | CONSOLIDATED CASE<br>NO. 2:24-cv-00103-MMD-MDC<br><br>**PLAINTIFFS' MOTION FOR PRE-RULE 26(f) DISCOVERY OF DOCUMENTS DEFENDANT PIONEER PREVIOUSLY PRODUCED TO THE FEDERAL TRADE COMMISSION** |
| BRIAN COURTMANCHE, *et al*.,<br><br>                              Plaintiff,<br><br>v.<br><br>PERMIAN RESOURCES CORP., *et al*.,<br><br>                              Defendants. | CONSOLIDATED CASE<br>NO. 2:24-cv-00198-MMD-MDC |
| JOHN MELLOR, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>PERMIAN RESOURCES CORP., *et al*.,<br><br>                              Defendants. | CONSOLIDATED CASE<br>NO. 2:24-CV-00253-MMD-MDC |

On May 2, 2024, the Federal Trade Commission ("FTC") announced they had reached a consent decree with Exxon Mobil, Inc. ("Exxon"), in connection with Exxon's pending acquisition of Defendant Pioneer Natural Resources Inc. ("Pioneer") (the merger, the "Exxon-Pioneer Merger" or "Merger").[1]  This decree forbids Pioneer's former-CEO Scott Sheffield from joining Exxon's Board of Directors based on FTC's evidence of Sheffield's years-long efforts to fix the price of crude oil.[2]

The decree follows from an FTC administrative complaint (the "FTC Complaint"), which was also released in redacted form on May 2, 2024.[3]  The FTC Complaint states:

> Through public statements and private communications, Pioneer founder and former CEO Scott D. Sheffield has campaigned to organize anticompetitive coordinated output reductions between and among U.S. crude oil producers, and others, including the Organization of Petroleum Exporting Countries ("OPEC"), and a related cartel of other oil-producing countries known as OPEC+. Mr. Sheffield's communications were designed to pad Pioneer's bottom line—as well as those of oil companies in OPEC and OPEC+ member states—at the expense of U.S. households and businesses.

FTC Complaint, ¶1.  The FTC Complaint references documents, including Mr. Sheffield's WhatsApp and text messages, that Defendant Pioneer produced to the FTC as part of the FTC's review of the Merger.  *See id.*, ¶¶5-6.  Contemporaneous public reporting suggests that Pioneer submitted "millions of documents" to the FTC – hundreds of which were communications between Sheffield, Pioneer's competitors, and/or OPEC – as part of the agency's second-level review into the Merger's possible anticompetitive effects.[4]

FTC Chair Lina Khan summarized the findings:

> A core principle that should underpin the Commission's antitrust analysis is examining and understanding commercial realities. Sometimes the evidence that is most probative of commercial realities is how market participants act.  Staff's investigation here uncovered troubling evidence of Pioneer CEO Scott Sheffield's actions and communications, which make clear that he believed and

---

[1]     *See* Declaration of Patrick Coughlin, filed herewith ("Coughlin Decl."), Ex. 1 (FTC Press Release).
[2]     Coughlin Decl., Ex. 2 (Consent Order).
[3]     Coughlin Decl., Ex. 3 (FTC Complaint).
[4]     *See* Coughlin Decl., Ex. 4 (WSJ Article).

acted as if he could persuade his rivals to join him in colluding to restrict output and raise prices.  When market actors speak and act as if they can collude, we should not ignore this direct evidence[.][5]

These documents and materials produced to the FTC are indisputably relevant and discoverable in this action as they track the core conspiratorial allegations by the Plaintiffs.  On May 2, 2024, Plaintiffs from all cases[6] collectively requested that Defendant Pioneer produce its FTC productions.  On May 6, 2024, the Parties met and conferred, and Plaintiffs offered to narrow their request to only the custodial files of Mr. Sheffield that Pioneer produced to the FTC.  On May 7, 2024, Pioneer confirmed they opposed Plaintiffs' request.  Plaintiffs are entitled to the prompt production of Mr. Sheffield's custodial documents produced to the FTC, which presumably are a small, easily producible subset of Pioneer's regulatory production.[7]  Indeed, good cause exists to order their production at this stage: making available to Plaintiffs this limited subset of previously produced documents will likely narrow key liability issues in the litigation

---

[5]   Coughlin Decl., Ex. 5 (May 2, 2024 statement of Chair Lina Khan in the Matter of Exxon Mobil Corp.).

[6]   *Rosenbaum v. Permian Resources Corp, et al.*, No. 2:24-cv-00103-MMD-MDC (D. Nev.), filed January 12, 2024; *Andrew Caplen Installations LLC v. Permian Resources Corp, et al.*, No. 2:24-cv-00150-MMD-MDC (D. Nev.), filed January 22, 2024 ("*Rosenbaum*"); *These Paws Were Made For Walkin' LLC v. Permian Resources Corp, et al.*, No. 2:24-cv-00164-MMD-MDC (D. Nev.), filed January 24, 2024; *Courtmanche v. Periman Resources Corp. et al*, No. 2:24-cv-00198-MMD-MDC (D. Nev.), filed January 29, 2024; *Mellor v. Permian Resources Corp. et al*, No. 2:24-cv-00253-MMD-MDC (D. Nev.), filed February 6, 2024; *Santillo v. Periman Resources Corp. et al*, No. 2:24-cv-00279-MMD-MDC (D. Nev.), filed February 8, 2024; *Beaumont v. Periman Resources Corp. et al*, No. 2:24-cv-00298-MMD-MDC (D. Nev.), filed February 12, 2024; *MacDowell v. Permian Resources Corp. et al,* No. 2:24-cv-00325-MMD-MDC (D. Nev.), filed February 15, 2024; *Western Cab Company v. Periman Resources Corp. et al*, No. 2:24-cv-00401-MMD-MDC (D. Nev.), filed February 28, 2024 (collectively "Plaintiffs").

[7]   As explained to Pioneer, Plaintiffs seek production of documents and communications previously produced to the FTC that resided with Mr. Sheffield, even if those documents and communications were produced to the FTC from the files of another document custodian.  For example, if an identical file resides with three Pioneer custodians, one of which was Mr. Sheffield, and Pioneer produced only the copy collected from an employee other than Mr. Sheffield, Plaintiffs still seek the production of that document (*e.g.*, a group email from Mr. Sheffield copying two colleagues) (hereinafter, this set of documents, the "Sheffield FTC Custodial Documents").  This should create no additional burden for Pioneer as the FTC's production specifications required Pioneer to list all "Alternative Custodians," that is, all custodians of the documents produced, regardless of whether their copy of the document was the one given to the FTC.  *See* Coughlin Decl., Ex. 6 (FTC Bureau of Competition's Production Guide: An eDiscovery Resource), §§2.1 & 2.3.  Thus, Pioneer should easily be able to filter their FTC production for all documents where Mr. Sheffield is listed in the metadata fields as a "Custodian" and/or "Alternative Custodian."

1  (including at the pleading stage) and streamline the discovery process, without unduly burdening

2  Pioneer.

3      Pioneer has refused to produce these undeniably relevant documents.  Plaintiffs now bring

4  this motion and respectfully request that the Court order Pioneer to reproduce to Plaintiffs within

5  30 days the Sheffield FTC Custodial Documents.

6  **I.      LEGAL STANDARD**

7      Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the

8  parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by

9  stipulation, or by court order."[8]  "In deciding whether to allow early discovery, courts apply a

10  good cause standard."  *Jones v. Micron Tech. Inc.*, No. 18-CV-3805-JSW (KAW), 2019 WL

11  5406824, at *1 (N.D. Cal. Oct. 23, 2019).  "Good cause may be found where the need for expedited

12  discovery, in consideration of the administration of justice, outweighs the prejudice to the

13  responding party."  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal.

14  2002).  In determining whether good cause exists, the court should balance the relevance of the

15  discovery requested against the burden on the party ordered to produce the documents.  *In re*

16  *Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420 YGR, 2013 WL 2237887, at *2 (N.D.

17  Cal. May 21, 2013).

18  **II.     THE DOCUMENTS REQUESTED ARE FACIALLY RELEVANT**

19      The FTC Complaint, while heavily redacted, confirms that the documents requested are

20  directly relevant to Plaintiffs' allegations as they address the same anticompetitive conduct at the

21  center of Plaintiffs' complaints.  For example, Plaintiffs allege that Mr. Sheffield made public

22  statements coordinating oil production discipline amongst the Defendants.[9]  The FTC Complaint

23  references the same statements, and others, as evidence of their allegation that Mr. Sheffield was

24  illegally coordinating Defendants' production decisions.[10]  Plaintiffs also allege that Mr. Sheffield

25  acted as a conduit and helped Pioneer and the other named Defendants coordinate their production

26  _____

27  [8]     Plaintiffs have asked Defendants to meet-and-confer in accordance with Rule 26(f), but
Defendants have yet to respond.

28  [9]     *Rosenbaum* Complaint (ECF No. 1), ¶¶59, 69-71, 83, 89, 91, 93-96.
[10]    FTC Complaint, ¶¶25, 27-30.

levels amongst themselves and with OPEC+.[11]  The FTC Complaint describes in detail evidence produced by Pioneer from Mr. Sheffield's custodial files that the FTC alleges demonstrates Mr. Sheffield "directly communicated with high-ranking OPEC officials," "exchanged information on oil pricing and output with OPEC representatives," and "worked to facilitate direct communications between his competitors in the Permian Basin and OPEC."[12]  Consequently, it is evident that Pioneer has already produced to the FTC many of the co-conspirator communications that Plaintiffs have alleged transpired and will seek to prove their case, leaving Pioneer grounds only to argue when, not if, these documents should be produced in discovery.

### III.   RE-PRODUCING A SUBSET OF PIONEER'S GOVERNMENT PRODUCTIONS NOW IS APPROPRIATE

District courts regularly order defendants to re-produce prior regulatory productions early in antitrust cases.  *See, e.g.*, *Lithium Ion Batteries Antitrust Litig.*, 2013 WL 2237887, at *1-*3 (ordering certain defendants to re-produce documents produced to DOJ within 30 days and before plaintiffs' deadline to file a consolidated complaint); *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-2509-LHK (N.D. Cal. Oct. 26, 2011), ECF No. 88, Minute Order and Case Management Order (ordering defendants to re-produce documents produced to DOJ within 30 days while motion to dismiss pending);  *In re Farm-Raised Salmon Prods. Antitrust Litig.*, No. 19-cv-21551-CMA (S.D. Fla. Apr. 6, 2020)  ECF No. 207, Third Scheduling Order (ordering defendants to re-produce government documents before the deadline to file a motion to dismiss); *In re Pool Prods. Distrib. Market Antitrust Litig.*, No. 2:12-md-02328-SSV-JCW (E.D. La. June 4, 2012) ECF No. 93, Pretrial Order #5 (same); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 1:09-cv-03690 (N.D. Ill. Mar. 4, 2010), ECF No. 75, Pretrial Order No. 1 Regarding Consolidation and Management of Litigation (same).[13]

---

[11]     *Rosenbaum* Complaint, ¶¶69-70, 83, 91.
[12]     FTC Complaint, ¶¶36, 41-42.
[13]     *See also Rumble, Inc. v. Google LLC*, No. 21-cv-0229-HSG-LJC, 2023 WL 3751797, at *7-*8 (N.D. Cal. May 31, 2023) (granting plaintiff's motion to compel defendant to produce documents it produced to the DOJ and state Attorneys General because those investigations' allegations had "significant factual and legal overlap" with the allegations made by plaintiff in its antitrust claim).

1        This trend holds even in cases where the procedural posture is such that plaintiffs' request

2   comes before the parties have met for a Rule 26(f) conference.  *See e.g., Klein, et al. v. Meta*

3   *Platforms, Inc.*, No. 3:20-cv-08570 (N.D. Cal Apr. 2, 2021), ECF No. 82, Case Management Order

4   (ordering Meta to produce within 30 days its prior FTC antitrust investigation production prior to

5   the parties' Rule 26(f) conference); *In re Cattle Antitrust Litig.*, No. 19-cv-1222 (D. Minn. Sep.

6   10, 2020), ECF No. 259 (ordering DOJ production prior to Rule 26(f) conference and while

7   motions to dismiss were pending); *In re Diisocyanates Antitrust Litig.*, No. 18-1001, 2019 WL

8   1069660, at *1 (W.D. Pa. Jan. 15, 2019) (granting plaintiffs motion, submitted before holding a

9   Rule 26(f) conference, for production of documents produced to the DOJ); *In re Liquid Aluminum*

10   *Sulfate Litig.*, No. 2:16-md-2687-MCA-MAH (D.N.J. July 5, 2016), ECF No. 209 (ordering

11   production of documents previously produced to the DOJ prior to Rule 26(f) conference).

12        Reproduction of the Sheffield FTC Custodial Documents will make the discovery process

13   more efficient by focusing the parties' negotiations on the scope of party discovery, including as

14   to search terms, the number and identity of document custodians, and the number of depositions

15   likely to be required.  *See In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, 2017 WL

16   4417447, at *6-*7 (N.D. Ill. Sept. 28, 2017) (re-productions of government documents could

17   enable more "intelligent[]" discovery conversations later in the case).  Moreover, given the FTC

18   Complaint references evidence that Mr. Sheffield participated in improper communications with

19   OPEC and OPEC+ officials, the production of these documents now will allow Plaintiffs to

20   identify relevant third-party witnesses early and take steps to ensure those third parties are

21   preserving evidence relevant to the litigation.  As Plaintiffs noted in their Opposition to

22   Defendants' Motion to Transfer, third-party discovery of OPEC+ officials residing abroad will

23   likely be complex;[14] enabling Plaintiffs to start this process now significantly decreases the

24   likelihood of future delay.[15]

25   

26   [14]   *Rosenbaum*, ECF No. 166, at 20.
    [15]   Further, to the extent that the Court ultimately requires Plaintiffs in the recently

27   consolidated suits to file consolidated amended complaints prior to Defendants' deadline to
    answer or otherwise respond to Plaintiffs' complaints, the early production of these documents

28   facilitates a more efficient use of judicial and party resources.  It would be inefficient to have the

Re-producing the requested documents Pioneer so recently produced to the FTC[16] will burden Pioneer only minimally, if at all, notwithstanding the cases' procedural posture.[17]  *See, e.g.*, Coughlin Decl., Ex. 9 (*In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR (N.D. Cal. Apr. 13, 2013), ECF No. 148, Hearing Transcript) ("the expense argument doesn't exist because all of the expense has already been incurred so there isn't a significant expense for the defendants"); *Diisocyanates*, 2019 WL 1069660, at *1 ("the cost of production and the burden of producing the records should be minimal due to the previous production"); *Liquid Aluminum*, ECF No. 209 at 4 ("unlikely" that re-production would cause significant burden "considering that [d]efendants have already assembled all of the materials in question in connection with the DOJ's investigation"); *In re Platinum & Palladium Commodities Litig.*, No. 10-cv-3617-WHP, 2010 WL 11578945, at *1 (S.D.N.Y Nov. 30, 2010) (request that defendants produce "approximately 250,000 pages" of records previously produced "not overly burdensome").

Moreover, Plaintiffs' request does not prejudice Pioneer in circumstances where the requested expedited production is made up of documents that will inevitably be produced during discovery.  *Semitool*, 208 F.R.D. 273 at 276-77 ("the Court is unable to discern any real prejudice

---

Plaintiffs file consolidated amended complaints in the near term, only for them to shortly thereafter seek leave to file further amended complaints to reflect the information that Pioneer would then produce.

[16]   Exxon and Pioneer announced the merger on October 11, 2023, and Exxon and Pioneer complied with the FTC's second request for information and documents in early April 2024.  *See* Coughlin Decl., Exs. 7 (Merger Press Release) & 8 (Bloomberg Article).  Consequently, the documents at issue were produced within the last six months, with the bulk of Mr. Sheffield's custodial files likely to have been included in the response to the FTC's second request, delivered one month ago.

[17]   Plaintiffs narrowed their request to the Sheffield FTC Custodial Documents in an attempt to conserve judicial resources by limiting the scope of the dispute before the Court to only the most relevant subset of Pioneer's FTC production, and based on the understanding that Pioneer can easily filter these files from its entire production.  Plaintiffs do not, in so requesting, intend to imply that the other records produced to the FTC are not relevant to the present dispute.  Should Pioneer claim that it would be more burdensome for it to filter Mr. Sheffield's files that Plaintiffs seek, in the alternative, Plaintiffs respectfully request an order compelling Pioneer to reproduce its entire FTC production as documents related to Defendants' merger activity in the relevant market are relevant and discoverable.  *See, e.g.*, *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2015 WL 13755437, at *2 (N.D. Ala. Oct. 20, 2015) (ordering defendants to produce merger documents, including those produced to regulators); *cf. In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18-CV-864, 2018 WL 11260473, at *3 (N.D. Ill. Aug. 14, 2018) (defendant ordered to produce relevant documents previously produced to FTC during its inquiry into defendants' proposed merger as they went to "competition in the [relevant] market").

to [d]efendants in advancing discovery by a modest amount of time," even while a motion to dismiss is pending, when "[d]efendants concede the requested information is relevant and will be produced in the normal course of discovery"); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 8:10-ML-02151-JVS-FMO (C.D. Cal. June 1, 2010), ECF No. 180, Order No. 3, at 2 (ordering expedited discovery of a "defined set of documents, consisting of approximately 75,000 to 100,000 pages, much or all of which is likely to be discoverable, and which has already been produced to [g]overnment entities to date"); *In re Milk Prod. Antitrust Litig.*, 84 F. Supp. 2d 1016, 1027-28 (D. Minn. 1997) ("[T]o the extent that [documents produced to regulators] may lead to discoverable information, [d]efendants must turn them over."), *aff'd*, 195 F.3d 430 (8th Cir.).

Plaintiffs request facially relevant documents, the early production of which will greatly increase the efficiency of this litigation, because these documents have already been assembled, will eventually be produced in this litigation regardless, and early production will not unduly burden Pioneer.  Moreover, the FTC has confirmed that it has referred Pioneer's and Mr. Sheffield's apparent breach of the antitrust laws to the DOJ.[18]  Without the requested discovery, Plaintiffs will be operating at a significant information disadvantage relative to Defendants and government regulators, hindering their strategic decision-making as this case proceeds.  *In re Bank of Am. Corp. Sec., Derivative, & Emp't Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058 (DC), 2009 WL 4796169, at *1, *3 (S.D.N.Y. Nov. 16, 2009) (without re-production of government documents the plaintiffs and court "will be less able to make informed decisions about litigation strategy").

Consequently, Pioneer should re-produce the Sheffield FTC Custodial Documents to Plaintiffs within 30 days.[19]

---

[18]    Coughlin Decl., Ex. 4.

[19]    To the extent Pioneer raises concerns about the confidential nature of the documents, Plaintiffs confirm they are willing to treat any production on an attorneys-eyes-only basis until such a time as a Protective Order – a draft of which Plaintiffs circulated to Defendants on May 7, 2024 – is entered, at which time Pioneer can designate the production in accordance with its terms.

DATED this 8th day of May, 2024

**EGLET ADAMS EGLET HAM & HENRIOD**

*/s/Robert T. Eglet*
Robert T. Eglet; NV Bar No. 3402
Artemus W. Ham, IV; NV Bar No. 7001
Erica D. Entsminger; NV Bar No. 7432
400 South Street, Suite 400
Las Vegas, Nevada 89101
Telephone: (702): 450-5400
Facsimile: (702) 450-5451
eservice@egletlaw.com

*Local Counsel for Plaintiffs Andrew Caplen Installations LLC and Edward Allegretti, d/b/a Alfred Auto Center, Plaintiff Western Cab Company*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Brent W. Johnson (*pro hac vice*)
Benjamin Brown (*pro hac vice*)
Robert W. Cobbs (*pro hac vice*)
Nina Jaffe-Geffner (*pro hac vice*)
1100 New York Avenue NW, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bjohnson@cohenmilstein.com
bbrown@cohenmilstein.com
rcobbs@cohenmilstein.com
njaffegeffner@cohenmilstein.com

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Michael Eisenkraft (*pro hac vice*)
Christopher Bateman (*pro hac vice*)
Aaron Marks (*pro hac vice*)
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 883-7797
meisenkraft@cohenmilstein.com
cbateman@cohenmilstein.com
amarks@cohenmilstein.com

*Counsel for Plaintiffs Andrew Caplen Installations LLC and Edward Allegretti, d/b/a Alfred Auto Center*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Brent W. Johnson (*pro hac vice*)
Robert W. Cobbs (*pro hac vice*)
1100 New York Avenue NW, 5th Floor

**MORRIS, SULLIVAN & LEMKUL, LLP**

*/s/Christopher A. Turtzo*
Christopher A. Turtzo; NV Bar No. 10253
3960 Howard Hughes Parkway, Suite 400
Las Vegas, NV 89169
Tel: (702) 405-8100
Fax: (702) 405-8101
turtzo@morrissullivanlaw.com

*Local Counsel for Plaintiffs Daniel Rosenbaum, Reneldo Rodriguez, and Thomas Caron*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Patrick J. Coughlin (*pro hac vice*)
Carmen Medici (*pro hac vice*)
Fatima Brizuela (*pro hac vice*)
Daniel J. Brockwell (*pro hac vice*)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com
dbrockwell@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Patrick McGahan (*pro hac vice*)
Michael Srodoski (*pro hac vice*)
Isabella De Lisi (*pro hac vice*)
156 S Main Street
P.O. Box 192
Colchester, CT 06415
Tel: (860) 537-5537
pmcgahan@scott-scott.com
msrodoski@scott-scott.com
idelisi@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Patrick Rodriguez (*pro hac vice*)
230 Park Ave., 17th Floor
New York, NY 11069
Tel: (212) 223-6444
prodriguez@scott-scott.com

Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bjohnson@cohenmilstein.com
rcobbs@cohenmilstein.com

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Michael Eisenkraft (*pro hac vice*)
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 883-7797
meisenkraft@cohenmilstein.com

*Counsel for Plaintiff Western Cab Company*

**MUCKLEROY LUNT, LLC**

*/s/ Martin A. Muckleroy*
Martin A. Muckleroy
6077 S. Fort Apache Rd., Ste 140
Las Vegas, NV 89148
Phone (702) 907-0097
Fax (702) 938-4065
martin@muckleroylunt.com

*Local Counsel for These Paws Were Made For Walkin' LLC*

**LOCKRIDGE GRINDAL NAUEN PLLP**
Brian D. Clark (*pro hac vice*)
Rebecca A. Peterson (*pro hac vice*)
Stephen J. Teti (*pro hac vice*)
Arielle S. Wagner (*pro hac vice*)
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
Fax: (612) 339-0981
bdclark@locklaw.com
rapeterson@locklaw.com
sjteti@locklaw.com
aswagner@locklaw.com

*Counsel for These Paws Were Made For Walkin' LLC*

**LAW OFFICES OF ANDREW M. LEAVITT, ESQ.**

*/s/ Robert F. Purdy*
Robert F. Purdy (NV Bar No. 6097)
633 South Seventh Street
Las Vegas, NV 89101
Tel.: (702) 382-2800
Fax: (702) 382-7438
Robert.purdy@andrewleavittlaw.com

*Counsel for Plaintiffs Daniel Rosenbaum, Reneldo Rodriguez, and Thomas Caron*

**FREED KANNER LONDON & MILLEN LLC**
Matthew W. Ruan (*pro hac vice*)
Douglas A. Millen (*pro hac vice*)
Michael E. Moskovitz
100 Tri-State International, Suite 128
Lincolnshire, Illinois 60069
Telephone: (224) 632-4500
mruan@fklmlaw.com
dmillen@fklmlaw.com
mmoskovitz@fklmlaw.com

**FREED KANNER LONDON & MILLEN LLC**
Kimberly A. Justice (*Pro Hac Vice* forthcoming)
Jonathan M. Jagher (*Pro Hac Vice* forthcoming)
923 Fayette Street
Conshohocken, Pennsylvania 19428
Telephone: (610) 234-6486
kjustice@fklmlaw.com
jjagher@fklmlaw.com

**AETON LAW PARTNERS LLP**
Jonathan M. Shapiro (*Pro Hac Vice* forthcoming)
311 Centerpoint Drive
Middletown, Connecticut 06475
Telephone: (860) 724-2160
jms@aetonlaw.com

*Counsel for Plaintiffs Brian Courtmanche, Laura J. Faber, Patricia Mancieri, David Silver, and Josselyn's Getaway Log Cabins LLC*

**THE BOURASSA LAW GROUP**

*/s/Mark J. Bourassa*
Mark J. Bourassa, Esq. (NBN 7999)
Jennifer A. Fornetti, Esq. (NBN 7644)
Valerie S. Christian Esq. (NBN 14716)
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
mbourassa@blgwins.com
jfornetti@blgwins.com
vchristian@blgwins.com

*Local Counsel for John Mellor*

9

| | |
|---|---|
| 1 | *Local Counsel for Plaintiff Laurie Olsen Santillo, Plaintiffs Brian Courtmanche, Laura* |
| 2 | *J. Faber, Patricia Mancieri, David Silver, and Josselyn's Getaway Log Cabins LLC, Plaintiff* |
| 3 | *Richard Beaumont* |
| 4 | **CAFFERTY CLOBES MERIWETHER** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Local Counsel for Plaintiff Laurie Olsen Santillo, Plaintiffs Brian Courtmanche, Laura J. Faber, Patricia Mancieri, David Silver, and Josselyn's Getaway Log Cabins LLC, Plaintiff Richard Beaumont*

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Jennifer Sprengel (*pro hac vice*)
Daniel O. Herrera (*pro hac vice*)
Kaitlin Naughton (*pro hac vice*)
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel.: 312.782.4880
Fax: 312.782.4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
knaughton@caffertyclobes.com

*Counsel for Plaintiff Laurie Olsen Santillo*

**PEARSON WARSHAW, LLP**
Daniel L. Warshaw (*Pro Hac Vice*)
Bobby Pouya (*Pro Hac Vice*)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pwfirm.com
bpouya@pwfirm.com

**PEARSON WARSHAW, LLP**
Jill M. Manning (Bar No. 178849)
Neil J. Swartzberg (Bar No. 215133)
555 Montgomery St., Suite 1205
San Francisco, California 94111
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
jmanning@pwfirm.com
nswartzberg@pwfirm.com

*Counsel for Plaintiff Richard Beaumont*

**GROSS KLEIN PC**
Stuart G. Gross (*Pro Hac Vice*)
Travis H. Smith (*Pro Hac Vice*)
The Embarcadero
Pier 9, Suite 100
San Francisco, CA 94111
Telephone: (415) 671-4628
Facsimile: (415) 480-6688
sgross@grosskleinlaw.com
tsmith@grosskleinlaw.com

**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
Todd M. Schneider (*Pro Hac Vice* forthcoming)
Matthew S. Weiler (*Pro Hac Vice* forthcoming)
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

*Counsel for John Mellor*

**SALTZMAN MUGAN DUSHOFF**

*/s/Matthew T. Dushoff*
Matthew T. Dushoff, Esq. (Nevada Bar No. 004975)
William A. Gonzales, Esq. (Nevada Bar No. 015230)
1835 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 405-8500
Facsimile: (702) 405-8501
mdushoff@nvbusinesslaw.com
wgonzales@nvbusinesslaw.com

*Local Counsel for Barbara and Phillip MacDowell*

**SPECTOR ROSEMAN & KODROFF, P.C.**
William G. Caldes (*pro hac vice*)
Jeffrey L. Spector (*pro hac vice*)
Diana J. Zinser (*pro hac vice*)
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 466-6611
bcaldes@srkattorneys.com
jspector@srkattorneys.com
dzinser@srkattorneys.com

1

2

**REINHARDT WENDORF &
BLANCHFIELD**
Garrett D. Blanchfield (*pro hac vice*)
Roberta A. Yard (*pro hac vice*)
332 Minnesota Street, Suite W1050
St. Paul, MN 55101
Tel: (651) 287-2100
g.blanchfield@rwblawfirm.com
r.yard@rwblawfirm.com

3

4

5

6

7

**MCLAFFERTY LAW FIRM, P.C.**
David P. McLafferty (*pro hac vice* forthcoming)
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 940-4000
dmclafferty@mclaffertylaw.com

8

9

10

11

*Counsel for Barbara and Phillip MacDowell*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## **CERTIFICATE OF SERVICE**

3

4        I HEREBY CERTIFY that I am an employee of MORRIS, SULLIVAN & LEMKUL,

5  LLP, and that I caused a true and correct copy of the foregoing PLAINTIFFS' MOTION FOR

6  PRE-RULE 26(f) DISCOVERY OF DOCUMENTS DEFENDANT PIONEER PREVIOUSLY

7  PRODUCED TO THE FEDERAL TRADE COMMISSION to be served via Electronic Service

8  to all parties and counsel identified on the CM/ECF System via electronic notification on this 8th

day of May, 2024.

9                            */s/Dominique Rocha*

10               An Employee of Morris, Sullivan & Lemkul

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28