| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>SAMUEL G. LIVERSIDGE (*pro hac vice*)<br>JAY P. SRINIVASAN (*pro hac vice*)<br>S. CHRISTOPHER WHITTAKER (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone:  213.229.7000<br>Facsimile:   213.229.7520<br>sliversidge@gibsondunn.com<br>jsrinivasan@gibsondunn.com<br>cwhittaker@gibsondunn.com | HOWARD & HOWARD<br>ATTORNEYS PLLC<br>W. WEST ALLEN (NV Bar No. 5566)<br>3800 Howard Hughes Parkway<br>Suite 1000<br>Las Vegas, NV  89169<br>Telephone:  702.667.4843<br>Facsimile:   702.567.1568<br>Wallen@howardandhoward.com |

SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
BORIS BERSHTEYN (*pro hac vice*)
KAREN HOFFMAN LENT (*pro hac vice*)
One Manhattan West
New York, NY  10001-8602
Telephone:  212.735.3000
Facsimile:   917.777.2000
boris.bershteyn@skadden.com
karen.lent@skadden.com

*Attorneys for Defendant*
*PIONEER NATURAL RESOURCES COMPANY*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ROSENBAUM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PERMIAN RESOURCES CORP., *et al.*,<br><br>Defendants. | CONSOLIDATED CASE<br>CASE NO. 2:24-cv-00103-MMD-MDC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION FOR TEMPORARY STAY OF ALL NON-TRANSFER-RELATED PROCEEDINGS PENDING THE JPML'S CENTRALIZATION RULING** |

The parties are now in agreement that all non-transfer-related proceedings in the above-captioned actions should be stayed pending the JPML's ruling on the § 1407 motion to centralize. The only open question is whether the Court should rule on Defendants' § 1404(a) motion to transfer. Defendants respectfully submit that the Court should do so.

### **The Court Should Not Stay A Decision On Defendants' Motion to Transfer**

Plaintiffs contend that the Court should not rule on Defendants' motion to transfer because doing so would not "change the multidistrict character of this litigation" and therefore "would not ease the JPML's decision." Opp. at 1. But that is not the view of the JPML, which specifically asked the parties here to address in their responses to the motion for centralization "what steps they have taken to pursue alternatives to centralization including, but not limited to, … seeking Section 1404 transfer of one or more of the subject cases." *In re Shale Oil Antitrust Litig.*, MDL No. 3119, ECF No. 5. The JPML in fact has made clear that ruling on § 1404 transfer "can aid the [JPML] in its decision whether and where to centralize [the] given litigation," even when "Section 1404 transfer does not moot the multidistrict litigation." *In re: Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012). And because of the preference for consolidating cases through means other than § 1407, courts routinely grant § 1404(a) motions while a § 1407 motion is pending.[1] This is true even where the § 1404 motion would not, alone, obviate the need for § 1407 centralization. *See, e.g.*, *Bartolucci v. 1-800 Contacts, Inc.*, 245 F. Supp. 3d 38, 50 (D.D.C. 2017) (granting § 1404 motion seeking transfer to Utah of two cases filed in the District of Columbia while a § 1407 motion seeking centralization of the cases in Utah, D.C., Arkansas, and Pennsylvania was pending).

In any event, it is simply not correct that a decision by this Court on Defendants' motion to transfer would not "change the multidistrict character of this litigation." If this Court grants

---

[1] Contrary to Plaintiffs' assertion, it is of no moment that Defendants' § 1404(a) motion does not seek transfer to a district where "related actions are already pending." Opp. at 1 n.1, *id.* at 1. Whether there are related actions pending in a proposed transferee district is one factor (of many) courts consider in deciding § 1404(a) motions; it is not a basis for asking a court not to decide such a motion. *See, e.g., Herman v. W. Union Co.*, 2017 WL 5643145, at *3 (C.D. Cal. Mar. 30, 2017) (granting § 1404 motion after analyzing the *Jones* factors and explaining that transferring case to district where existing cases are pending would serve the interests of justice).

Gibson, Dunn & Crutcher LLP

Defendants' § 1404(a) motion, it would be a material step in achieving consolidation of *all* pending cases by means other than § 1407 because Defendants intend to move to transfer the pending copycat cases in the District of New Mexico (Tenth Circuit), Southern District of New York (Second Circuit), and District of Maine (First Circuit) based on the first-to-file doctrine.[2]  In the Tenth Circuit, when parties in first and later-filed actions dispute venue, the court hearing the first-filed case should "be allowed to first decide issues of venue." *Newlin v. Allstate Prop. & Cas. Ins. Co.*, 2013 WL 12090662, at *2 (D.N.M. July 29, 2013); *see also id.* at *3 ("The first-to-file rule leaves the balancing of convenience factors and venue determinations to the jurisdiction where the first action was filed.").  In the Second Circuit, there is a "strong presumption in favor of the first-filed suit." *Alden Corp. v. Eazypower Corp.*, 294 F. Supp. 2d 233, 235 (D. Conn. 2003); *see also GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998) ("The party asserting exceptions to the first-filed rule … must overcome the strong presumption in favor of the forum of the first-filed suit" (citations and quotations omitted)).  In the First Circuit, the "first-to-file rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should *decide* which forum is appropriate," and thus "the court in which the second action was filed should defer to courts in the first-filed action." *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 129 (D. Mass. 2012) (emphasis in original); *see also Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000).

Accordingly, a decision by this Court (the first-filed district) regarding proper venue could have a significant impact on the "multidistrict character of this litigation."  It could also impact the JPML's decision "whether and where" to centralize the litigation.  For example, a decision by this Court to transfer the nine Nevada cases to Texas, where they properly should have been filed, could significantly impact the JPML's thinking about consolidation in Texas.  *See In re: Gerber*, 899 F. Supp. 2d at 1380 ("Section 1404 transfer … may allow the Panel to better assess where a

---

[2] Following the filing of Defendants' stay motion, complaints containing nearly identical allegations, brought on behalf of overlapping classes, against all the same defendants were filed in the Southern District of New York and the District of Maine.  *See Short v. Permian Res. Corp.*, No. 1:24-cv-04506 (S.D.N.Y. filed June 12, 2024), ECF No. 1; *Carignan v. Permian Res. Corp.*, No. 24-cv-00218 (D. Me. filed June 20, 2024), ECF No. 1.

Gibson, Dunn & Crutcher LLP

multidistrict litigation should be assigned.").

Plaintiffs argue further that the "proper time" for Defendants to bring their motion is after pretrial proceedings have concluded. Opp. at 2. But, again, that is not the view of the JPML, which specifically asked about the parties' efforts to seek Section 1404 transfer at *this* stage of the case—in advance of any decision by the JPML on centralization. *In re Shale Oil Antitrust Litig.*, MDL No. 3119, ECF No. 5.[3] And the law is clear that "centralization under Section 1407 should be the last solution *after considered review of all other options*, including transfer pursuant to Section 1404." *In re Michaels Stores, Inc. Pin Pad Litig.*, 844 F. Supp. 2d 1368, 1369 (J.P.M.L. 2012) (quotations omitted) (emphasis added). Defendants' § 1404(a) motion also should be decided now because even if the JPML centralizes the pending cases, that decision "will have no bearing on the ultimate trial location," and thus does not "moot" Defendants' motion. *Winningham v. Biomet Orthopedics, LLC*, 2012 WL 3860806, at *3 (N.D. Cal. Aug. 31, 2012).[4]

### Conclusion

Defendants respectfully request that the Court stay all non-transfer-related proceedings in the Nevada Actions pending the JPML's ruling on the § 1407 motion to centralize. Defendants further respectfully request that the Court proceed to rule on Defendants' § 1404(a) motion.

---

[3] Nor do the two cases Plaintiffs cite on this point support their argument. In *In re SFBC Int'l, Inc., Sec. & Derivative Litig.*, 435 F. Supp. 2d 1355, 1356 (J.P.M.L. 2006), parties opposing centralization argued to the JPML that § 1404 *might be* an alternative to § 1407; but they had not filed any § 1404 motion—the argument was entirely hypothetical and thus not ripe. And in *Cooper v. Fam. Dollar Stores, Inc.*, 2009 WL 2132424, at *2 (D.N.J. July 14, 2009), a defendant in a tagalong case filed a § 1404 motion more than a year after the JPML centralized the related cases in another forum (and the JPML had already established a process for tagalong cases to be transferred to the MDL court). Here, the § 1404 motion was fully briefed and ready for resolution before a § 1407 motion was even filed with the JPML.

[4] Plaintiffs' attempt to distinguish *Winningham* is misplaced. *See* Opp. at 1 n.1. The court in *Winningham* noted that "the only connection between the case and the plaintiff's chosen venue is [the potential for] an MDL proceeding in that jurisdiction" as one part of its determination that transfer under § 1404 was appropriate. 2012 WL 3860806, at *3. The key point is that the *Winningham* court proceeded to rule on Defendants' § 1404(a) motion despite the pending § 1407 motion. And like in *Winningham*, for the reasons stated in Defendants' § 1404(a) motion (*see* ECF Nos. 157, 168), transfer is appropriate here because the cases pending in this District lack any meaningful connection to the District outside of the fact that they were filed here.

Respectfully submitted,

Dated:  June 25, 2024

| | |
|---|---|
| */s/ Samuel G. Liversidge* | */s/ Michael W. Scarborough* |
| Samuel G. Liversidge (*pro hac vice*)<br>Jay P. Srinivasan (*pro hac vice*)<br>S. Christopher Whittaker (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone:  213.229.7000<br>sliversidge@gibsondunn.com<br>jsrinivasan@gibsondunn.com<br>cwhittaker@gibsondunn.com<br><br>Boris Bershteyn (*pro hac vice*)<br>Karen Hoffman Lent (*pro hac vice*)<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>One Manhattan West<br>New York, NY  10001-8602<br>Telephone:  212.735.3000<br>boris.bershteyn@skadden.com<br>karen.lent@skadden.com<br><br>W. West Allen (NV Bar No. 5566)<br>HOWARD & HOWARD ATTORNEYS<br>  PLLC<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>Telephone:  702.667.4843<br>wallen@howardandhoward.com<br><br>*Attorneys for Defendant*<br>*PIONEER NATURAL RESOURCES*<br>*COMPANY* | Michael W. Scarborough (*pro hac vice*)<br>Dylan I. Ballard (*pro hac vice*)<br>VINSON & ELKINS LLP<br>555 Mission Street, Suite 2000<br>San Francisco, CA 94105<br>Telephone: (415) 979–6900<br>mscarborough@velaw.com<br>dballard@velaw.com<br><br>Craig P. Seebald (*pro hac vice*)<br>Stephen M. Medlock (*pro hac vice*)<br>VINSON & ELKINS LLP<br>2200 Pennsylvania Avenue NW<br>Suite 500 West<br>Washington, DC 20037<br>Telephone: (202) 639-6500<br>cseebald@velaw.com<br>smedlock@velaw.com<br><br>Kristen T. Gallagher (NV Bar No. 9561)<br>McDONALD CARANO LLP<br>2300 West Sahara Ave., Suite 1200<br>Las Vegas, NV 89102<br>kgallagher@mcdonaldcarano.com<br><br>*Attorneys for Defendant*<br>*PERMIAN RESOURCES CORPORATION* |
| */s/ J. Colby Williams* | */s/ Christopher E. Ondeck* |
| J. Colby Williams, Esq. (NV Bar No. 5549)<br>Philip R. Erwin, Esq. (NV Bar No. 11563)<br>CAMPBELL & WILLIAMS<br>710 South Seventh Street, Suite A<br>Las Vegas, Nevada 89101<br>Telephone:  (702) 382-5222<br>jcw@cwlawlv.com<br>pre@cwlawlv.com<br><br>Marguerite M. Sullivan (*pro hac vice*)<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C. 20004<br>Telephone: (202) 637-2200<br>Marguerite.Sullivan@lw.com | Christopher E. Ondeck (*pro hac vice*)<br>Stephen R. Chuk (*pro hac vice*)<br>PROSKAUER ROSE LLP<br>1001 Pennsylvania Avenue NW<br>Washington, DC 20004<br>Telephone: (202) 416-6800<br>condeck@proskauer.com<br>schuk@proskauer.com<br><br>Kyle A. Casazza (*pro hac vice*)<br>PROSKAUER ROSE LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3010<br>Telephone: (310) 284-5677<br>kcasazza@proskauer.com |

| | |
|---|---|
| Lawrence E. Buterman (*pro hac vice*)<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Lawrence.Buterman@lw.com | Michael Burrage (*pro hac vice*)<br>WHITTEN BURRAGE<br>512 North Broadway Avenue, Ste 300<br>Oklahoma City, OK 73102<br>Telephone: (888) 783-0351<br>mburrage@whittenburragelaw.com |
| *Attorneys for Defendant*<br>CHESAPEAKE ENERGY CORPORATION | *Attorneys for Defendant*<br>CONTINENTAL RESOURCES, INC. |

/s/ *Kristen L. Martini*
Kristen L. Martini (NV Bar No. 11272)
E. Leif Reid (NV Bar No. 5750)
LEWIS ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (775) 321-3415
lreid@lewisroca.com

Jeffrey L. Kessler (*pro hac vice*)
Jeffrey J. Amato (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
jkessler@winston.com
jamato@winston.com

Thomas M. Melsheimer (*pro hac vice*)
Thomas B. Walsh, IV (*pro hac vice*)
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (212) 294-6700
tmelsheimer@winston.com
twalsh@winston.com

*Attorneys for Defendant*
DIAMONDBACK ENERGY, INC.

/s/ *John M. Taladay*
John M. Taladay (*pro hac vice*)
Christopher Wilson (*pro hac vice*)
Kelsey Paine (*pro hac vice*)
Megan Tankel (*pro hac vice*)
BAKER BOTTS L.L.P.
700 K Street N.W.
Washington, D.C. 20001-5692
Telephone: (202) 639-7909
john.taladay@bakerbotts.com
christopher.wilson@bakerbotts.com
kelsey.paine@bakerbotts.com
megan.tankel@bakerbotts.com

James J. Pisanelli, Esq. (NV Bar No. 4027)
Debra L. Spinelli, Esq. (NV Bar No. 9695)
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: (702) 214-2100
jjp@pisanellibice.com
dls@pisanellibice.com

*Counsel for Defendant*
EOG RESOURCES, INC.

/s/ *Nicholas J. Santoro*
Nicholas J. Santoro (NV Bar No. 532)
F. Thomas Edwards (NV Bar No. 9549)
HOLLEY DRIGGS LTD
300 South 4th Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: (702) 791-0308
nsantoro@nevadafirm.com
tedwards@nevadafirm.com

Kevin S. Schwartz (*pro hac vice*)
David A. Papirnik (*pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ

/s/ *Patrick G. Byrne*
Patrick G. Byrne (NV Bar No. 7636)
Bradley T. Austin (NV Bar No. 13064)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
pbyrne@swlaw.com
baustin@swlaw.com

Devora W. Allon (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue

Gibson, Dunn &
Crutcher LLP

5

| | |
|---|---|
| 51 West 52nd Street<br>New York, New York 10019<br>Telephone:  (212) 403-1000<br>kschwartz@wlrk.com<br>dapapirnik@wlrk.com<br><br>*Attorneys for Defendant*<br>*HESS CORPORATION* | New York, NY 10022<br>devora.allon@kirkland.com<br>Telephone: 212-446-5967<br><br>Jeffrey J. Zeiger (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, IL 60654<br>jzeiger@kirkland.com<br>Telephone: 312-862-3237<br><br>Akhil K. Gola (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>akhil.gola@kirkland.com<br>Telephone: 202-389-3256<br><br>*Attorneys for Defendant*<br>*OCCIDENTAL PETROLEUM*<br>*CORPORATION* |

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on this date, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record receiving electronic notification.

DATED: June 25, 2024                             GIBSON, DUNN & CRUTCHER LLP

                                                 */s/ Samuel G. Liversidge*
                                                 Samuel G. Liversidge

                                                 *Attorneys for Defendant*
                                                 *PIONEER NATURAL RESOURCES COMPANY*